United States District Court
Southern District of Texas
**ENTERED**
July 27, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Employers Insurance Company of Wausau, | § | |
| *Plaintiff*, | § | Civil Action No. 4:25-cv-00849 |
| v. | § | |
| Texcon Holdings, Inc., | § | |
| *Defendant*. | § | |

**MEMORANDUM AND RECOMMENDATION**

After obtaining entry of default, Dkt. 14, Plaintiff Employers Insurance Company of Wausau filed a motion for default judgment against Defendant Texcon Holdings, Inc. Dkt. 17. The motion requests damages resulting from Texcon's alleged failure to pay overdue premiums, interest on that sum, attorneys' fees, and costs. *See id.* at 6. After carefully considering Employers Insurance's submission, its pleading, the record, and the applicable law, it is recommended that its request for default judgment be granted.

**Background**

The following facts are taken as true at this stage. From March 2, 2023 until March 2, 2024, Employers Insurance provided Texcon with commercial workers' compensation and employers' liability insurance. Dkt. 1 at 2; *see also id.* at 6-52 (the "Policy"). That coverage was provided in exchange for

premiums. *See id.* at 2; *see also id.* at 30 ("You will pay all premium when due."). The initial premium was an "estimate" subject to adjustment based on Texcon's actual exposure during the coverage period. *See id.* at 2; *see also id.* at 30 ("The final premium will be determined after this policy ends by using the actual … premium basis …."). Employers Insurance could audit Texcon's records "to determine final premium." *See id.* at 30. Texcon would then have to pay any difference between the initial and final premium. *See id.*

Employers Insurance performed audits in accordance with the Policy, which indicated that Texcon owed an additional $157,060 in premiums. *See id.* at 2; *see also id.* at 55 (notice of premium balance). Employers Insurance requested that additional sum, but Texcon failed to pay it. *See id.* at 2.

On February 26, 2025, Employers Insurance filed this suit against Texcon, asserting suit on a sworn account, breach of contract, and quantum meruit. *Id.* at 2-4. Employers Insurance seeks damages equal to the amount of outstanding premiums plus interest, attorneys' fees, and costs. *Id.* at 4.

Summons was issued on March 3, 2025. Dkt. 4. According to the return of service, the summons was served on Texcon's registered agent, Meng Zhang, who "identified themself as the party authorized to receive service of process on behalf of" Texcon. Dkt. 5 at 4.

Texcon did not answer or otherwise appear to defend this case. That prompted Employers Insurance to request entry of default, which the clerk of

court granted. Dkts. 13, 14. On January 8, 2026, the undersigned ordered Employers Insurance to move for default judgment. Dkt. 16. Employers Insurance then filed a motion for default judgment on January 28, 2026. Dkt. 17. That motion is ripe for resolution.

## **Legal Standard**

Default proceedings involve three steps: default, entry of default, and default judgment. *See* Fed. R. Civ. P. 55. A default occurs "when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *see also* Fed. R. Civ. P. 55(a). "An entry of default is what the clerk enters when a plaintiff establishes the default by affidavit or otherwise pursuant to Rule 55(a)." *Axcess Glob. Scis., LLC v. Ozcan Grp., Inc.*, 2024 WL 3259700, at *1 (S.D. Tex. July 1, 2024). A default judgment can then be entered if a plaintiff applies for such relief under Rule 55(b)(2). *See id.*

"A default judgment is a judgment on the merits that conclusively establishes the defendant's liability." *United States ex rel. M-CO Constr. Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). District courts have discretion to determine whether entry of default judgment is warranted. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam). But the Fifth Circuit instructs that "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun*

*Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A plaintiff "is not entitled to a default judgment as a matter of right," even if the defendant "is technically in default." *Lewis*, 236 F.3d at 767 (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam)).

A request for default judgment "must be supported by well-pleaded allegations and must have a sufficient basis in the pleadings." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quotation omitted). "The well-pleaded allegations are assumed to be true, except those regarding damages." *Axcess Glob. Scis., LLC*, 2024 WL 3259700, at *2 (citing *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Any doubts about the appropriateness of a default judgment must be resolved in favor of the defaulting party. *See id.*

## Analysis

The appropriateness of default judgment depends on "(1) whether the entry of default judgment is procedurally warranted; (2) whether the substantive merits of the plaintiff's claim as stated in the complaint provide a sufficient basis for default judgment; and (3) whether and what relief the plaintiff should receive." *Allen & Overy v. Zaziski*, 2022 WL 19506, at *1 (S.D. Tex. Jan. 3, 2022) (citing *Neutral Gray Music v. Tri-City Funding & Mgmt. LLC*, 2021 WL 1521592, at *2-3 (S.D. Tex. Mar. 30, 2021)). Employers Insurance contends that it has met all requirements. The Court agrees.

## I. Employers Insurance has shown that this Court has jurisdiction.

The Court must first confirm that it has jurisdiction to grant default judgment. *See Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001) (describing this as the court's "affirmative duty" when addressing a motion for default judgment). Subject-matter jurisdiction is proper under 28 U.S.C. § 1332 because Employers Insurance and Texcon are citizens of different states and the amount in controversy exceeds $75,000. *See* Dkt. 1 at 1, 3.

As for personal jurisdiction, the key question is whether Texcon was properly served. *See Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999); *see also Avdeef v. Royal Bank of Scotland, P.L.C.*, 616 F. App'x 665, 672 (5th Cir. 2015) (per curiam) (noting that "proper service of process is a jurisdictional prerequisite to the entry of a default judgment"). Absent valid service, any default judgment against Texcon would be void. *See Rogers*, 167 F.3d at 940.

There are two ways to serve business entities like Texcon. One option is to serve the entity under the law of the state where the district court is located or where service was made. *See* Fed. R. Civ. P. 4(h)(1)(A) (incorporating Rule 4(e)(1)). The second option is to serve the summons and complaint on "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one

authorized by statute and the statute so requires—by also mailing a copy of each to the defendant ....” Fed. R. Civ. P. 4(h)(1)(B).

Service here complied with Rule 4’s second method of service. “The general rule is that a signed return of service constitutes prima facie evidence of valid service ....” *People’s United Equip. Fin. Corp. v. Hartmann*, 447 F. App’x 522, 524 (5th Cir. 2011) (per curiam) (quotations omitted). The record includes a “Proof of Service” signed by the process server, Robert Gandy, “under penalty of perjury.” Dkt. 5 at 4. That document reflects that, on March 6, 2025 at 11:04 am, Gandy personally delivered the summons and complaint to Meng Zhang at 27318 Onslow Run Drive, Katy, Texas 77494. *Id.*; *see also* Dkt. 10 at 3 (affidavit of plaintiff’s counsel). The proof of service describes Zhang as Texcon’s registered agent and that Zhang “identified themself as the party authorized to receive service of process on behalf of” Texcon. Dkt. 5 at 4. Indeed, the Texas Comptroller’s website identifies Texcon’s registered agent as Zhang and its registered office street address as 27318 Onslow Run Drive, Katy, Texas 77494. *See* Tex. Comptroller of Pub. Accts., *Franchise Tax Account Status*, https://perma.cc/7X39-TUG6 (last accessed July 27, 2026).

Nothing in the return of service raises doubts regarding the proprietary of service. Because Employers Insurance met its burden to show that Texcon’s registered agent was properly served, this Court can exercise personal jurisdiction over Texcon. *See, e.g., Camacho v. Sajeda Inc.*, 2025 WL 746555,

at *3 (N.D. Tex. Jan. 24, 2025) (effective service where return of service reflected that business entity's registered agent was personally served), *adopted by* 2025 WL 746571 (W.D. Tex. Mar. 6, 2025).

## II. Default judgment is procedurally warranted.

The next inquiry is whether default judgment is procedurally warranted. Six factors inform that inquiry: "[(1)] whether material issues of fact are at issue, [(2)] whether there has been substantial prejudice, [(3)] whether the grounds for default are clearly established, [(4)] whether the default was caused by a good-faith mistake or excusable neglect, [(5)] the harshness of a default judgment, and [(6)] whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). All factors favor default judgment.

First, there are no disputed factual issues because Texcon has not responded to this suit. Employers Insurance's well-pleaded facts are thus taken as true. *See Nishimatsu*, 515 F.2d at 1206 ("The defendant, by his default, admits the plaintiff's well pleaded allegations of fact ....").

Second, Texcon's lack of response prejudices Employers Insurance by halting the adversarial process and thwarting its ability to obtain relief. *See Alvarado Martinez v. Eltman L., P.C.*, 444 F. Supp. 3d 748, 753 (N.D. Tex. 2020); *Innovative Sports Mgmt., Inc. v. Paisa's Truck LLC*, 2024 WL 625316,

at *3 (S.D. Tex. Feb. 14, 2024) (prejudice where defendant's "failure to respond threatens to bring the adversary process to a halt") (quotation omitted).

Third, the grounds for default are clearly established. The clerk of court properly entered default after Texcon failed to answer or otherwise defend. *See* Dkt. 14 (entry of default); Fed. R. Civ. P. 55 (failure to appear is grounds for default). Such a failure to defend or appear likewise permits entry of default judgment. *See United States v. $37,603.00 in US Currency*, 2021 WL 3013337, at *3 (S.D. Tex. July 16, 2021).

For the last three factors, nothing in the record indicates that Texcon defaulted due to a good-faith mistake or excusable neglect. Neither does anything suggest that default judgment would be unduly harsh or vulnerable to challenge later. *See Griffin v. O'Brien, Wexler, & Assocs., LLC*, 680 F. Supp. 3d 772, 781 (E.D. Tex. 2023) (default judgment was "not unusually harsh" because defendants "had ample opportunity to respond" but "failed to do so"); *see also Jenkins & Gilchrist v. Groia & Co.*, 542 F.3d 114, 119 (5th Cir. 2008) (considerations for setting aside a default judgment are: "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented") (quotation omitted). All factors indicate that default judgment is procedurally appropriate. *See, e.g.*, *AFCO Credit Corp. v. Logan Transp., Inc.*, 2026 WL 834716, at *3 (W.D. Tex. Mar. 6, 2026) (default judgment was procedurally warranted where defendant failed

to appear in breach of contract suit for overdue insurance premiums), *adopted by* 2026 WL 826840 (W.D. Tex. Mar. 24, 2026).

## III. **<u>Default judgment is also substantively appropriate.</u>**

The next inquiry concerns the merits of Employers Insurance's claims. There must be "a sufficient basis in the pleadings for the judgment [to be] entered." *Nishimatsu*, 515 F.2d at 1206. To meet that requirement, the factual allegations in the complaint, if taken as true, must state a claim upon which relief can be granted. *United Cmty. Bank, Inc. v. Loven Bf, Inc.*, 2020 WL 5045310, at *2 (S.D. Tex. July 22, 2020), *adopted by* 2020 WL 5039496 (S.D. Tex. Aug. 26, 2020). That is a lower threshold than the standard for surviving a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Wooten*, 788 F.3d at 499-500 (allegations need only provide fair notice).

In the complaint, Employers Insurance alleges that Texcon failed to pay overdue premiums in violation of Texas law. Dkt. 1. It seeks recovery on a sworn account, for breach of contract, and in quantum meruit. *See id.* at 2-4.

"The elements of an action on account [under Texas common law] are (1) there was a sale and delivery of merchandise, (2) that the amount of the account is just, that is, that the prices are charged in accordance with an agreement or in the absence of an agreement, they are usual, customary and reasonable prices for that merchandise; and (3) that the amount is unpaid." *Omni USA, Inc. v. Parker-Hannifin Corp.*, 964 F. Supp. 2d 805, 838 (S.D. Tex.

2013) (collecting cases). "A suit for insurance premiums due on policies sold to the defendant may be brought as a sworn account." *Abe I. Brilling Ins. Agency v. Hale*, 601 S.W.2d 403, 404-05 (Tex. Civ. App.—Dallas 1980, no writ) (collecting authorities); *see also Bluebonnet Exp., Inc. v. Emps. Ins. of Wausau*, 651 S.W.2d 345, 353 (Tex. App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.). And a breach-of-contract claim requires "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff as a result of the defendant's breach." *Williams v. Wells Fargo Bank, N.A.*, 884 F.3d 239, 244 (5th Cir. 2018) (per curiam) (quoting *Caprock Inv. Corp. v. Montgomery*, 321 S.W.3d 91, 99 (Tex. App.—Eastland 2010, pet. denied)).

The complaint satisfies all elements of both claims. It alleges that the parties agreed to an insurance policy for workers' compensation and employers' liability insurance in exchange for premiums. *See* Dkt. 1 at 2; *see also id.* at 6-52 (the Policy). Premium payments then became due under the Policy. *See id.* at 2; *see also id.* at 55 (notice of balance). But Texcon failed to pay those premiums. *See id.* at 2. Those allegations support recovery on a sworn account and for breach of contract. *See, e.g., Aristocles Enters., LLC v. KEU, Inc.*, 2023 WL 8455039, at *3 (E.D. Tex. Dec. 5, 2023) (finding sufficient basis for breach of contract and sworn account claims where plaintiff alleged that the parties

entered into a contract for services, plaintiff provided those services and submitted invoices, but defendant did not pay those invoices).

But because Employers Insurance can recover under the breach of contract theory, it cannot obtain relief in quantum meruit. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 740 (Tex. 2005) ("A party generally cannot recover under quantum meruit when there is a valid contract covering the services or materials furnished."); *see also UnitedHealthcare Ins. Co. v. Quality Metrics Partners, LLC*, 2022 WL 3639507, at *3 (N.D. Tex. Aug. 22, 2022) (granting default judgment on breach-of-contract claim but denying judgment on quantum meruit claim). Employers Insurance is entitled to default judgment on the sworn account and breach-of-contract claims.

**IV. <u>An evidentiary hearing is unnecessary to grant damages.</u>**

The final issue concerns Employers Insurance's request for damages, pre- and post-judgment interest, attorneys' fees, and costs. "A default judgment does not establish damages, which must be supported by evidence." *United States v. Hernandez*, 794 F. Supp. 3d 456, 473 (W.D. Tex. 2025) (citing *Shipco*, 814 F.2d at 1014). The Court "may conduct hearings ... when, to enter or effectuate judgment, it needs to ... determine the amount of damages." Fed. R. Civ. P. 55(b)(2)(B). But an evidentiary hearing in unnecessary if those damages can be "computed with certainty by reference to the pleadings and supporting documents ...." *James v. Frame*, 6 F.3d 307, 311 (5th Cir. 1993).

Employers Insurance seeks $157,060 in unpaid premiums, $3,275.000 in attorneys' fees and $1,211 in costs, and pre- and post-judgment interest. *See* Dkt. 17 at 6; *see also* Dkt. 1 at 4. It is entitled to most of that relief.

**A. Undisputed evidence shows that Employers Insurance has suffered $157,060 in damages.**

Employers insurance first seeks its actual damages. *See* Dkt. 17 at 6. It asserts that Texcon owes $157,060 "in additional premiums based on actual exposure during the effective dates of the Policy." *Id.*

As support, Employers Insurance attaches (1) the affidavit of an accounting manager who is the custodian of records related to the Policy, *see* Dkt. 17 at 9-10; (2) the Policy, which provides that Texcon will pay the final premium calculated after an audit, *see id.* at 35; (2) an account summary following the audit, *see id.* at 60-61, and (3) request for payment, *see id.* at 63. That undisputed evidence is sufficient to establish that Employers Insurance is entitled to $157,060 in actual damages. *See Liberty Mut. Ins. Co. v. Senior Care, Inc.*, 2013 WL 12091103, at *2 (W.D. Tex. Nov. 6, 2013) (damages hearing unnecessary where plaintiff submitted nearly identical records and affidavits substantiating the overdue premium); *see also St. Paul Fire & Marine Ins. Co. v. Flexrod Sales & Servs., Inc.*, 2016 WL 11554108, at *3 (W.D. Tex. Dec. 13, 2016) (plaintiff's affidavit, audit, invoice, and a notice supporting its claim for overdue premium was sufficient to resolve damages).

### B. Employers Insurance is also entitled to interest.

Employers Insurance is also entitled to pre- and post-judgment interest. *See* Dkt. 17 at 6. "State law governs the award of prejudgment interest in diversity cases." *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 172 (5th Cir. 2010). Under Texas law, "an equitable award of prejudgment interest should be granted to a prevailing plaintiff in all but exceptional circumstances." *Id.* Such an award is merited here. *See Arete Partners, L.P. v. Gunnerman*, 643 F.3d 410, 413-15 (5th Cir. 2011) (reviewing Texas law on pre-judgment interest for breach-of-contract claims); *see also St. Paul Fire*, 2016 WL 11554108, at *3 (granting pre-judgment interest on damages for overdue insurance premiums).

Under Texas law, pre-judgment interest depends on "the prime rate as published by the Board of Governors of the Federal Reserve System on the date of computation." *See* Tex. Fin. Code Ann. §§ 304.103, 304.003(c)(1). "Prejudgment interest begins to accrue on the earlier of: (1) 180 days after the date the defendant receives written notice of a claim; or (2) the date suit is filed." *State Farm Mut. Auto. Ins. Co. v. Norris*, 216 S.W.3d 819, 822 (Tex. 2006) (citing Tex. Fin. Code § 304.104). Nothing indicates whether or when Employers Insurance gave Texcon pre-suit notice of the claim. As a result, pre-judgment interest began to accrue on February 26, 2025, the date the suit was

filed. Dkt. 1. Accrual will end "on the day preceding the date judgment is rendered." Tex. Fin. Code § 304.104.

"Post-judgment interest on money judgments recovered in federal district court is governed by 28 U.S.C. § 1961, even in diversity cases." *Mitchell Energy Corp. v. Samson Res. Co.*, 80 F.3d 976, 987 (5th Cir. 1996). "Interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment." *Id.* Employers Insurance is entitled to a post-judgment interest at the rate published for the week preceding the date of judgment.

**C. Employers' Insurance may also recover its attorneys' fees and the filing fee.**

Finally, Employers Insurance seeks attorneys' fees and costs. *See* Dkt. 17 at 6. It is entitled to an award of the lodestar for attorneys' fees and the cost of its filing fee.

1. <u>Attorneys' fees include only fees for attorney hours worked.</u>

Employers Insurance seeks $3,275.000 in attorneys' fees. Dkt. 17 at 6; *see* Tex. Civ. Prac. & Rem. Code § 38.001(b)(7), (8) (authorizing attorneys' fees for successful sworn account and breach-of-contract claims). As support, it

submits attorney Catherine L. Hanna's affidavit explaining the basis for the figure and addressing its reasonableness. *See* Dkt. 17 at 88-89.

Hanna attests that the hourly rates for herself ($275), attorneys Sheila S. Tan ($275) and Emily K. Bloom ($250), and paralegal Elina Lupin ($105) are reasonable. *See id.* at 89. The attached invoices also reflect attorney Jessica L. Bigbie's hourly rate of $225. *See, e.g., id.* at 92. "'[T]he affidavits of counsel may alone be sufficient proof' to establish the reasonable hourly rate." *Griffin*, 680 F. Supp. 3d at 789 (quoting *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 491 (5th Cir. 2012)) (relying on affidavit to find that rate was reasonable); *see also Salmeron v. All. for Multicultural Cmty. Servs.*, 2025 WL 1004372, at *4 (S.D. Tex. Mar. 14, 2025) (accepting hourly rate as reasonable based on counsel's declaration when awarding fees on default judgment), *adopted by* 2025 WL 1001608 (S.D. Tex. Apr. 3, 2025). Moreover, trial courts themselves are considered experts who can gauge the reasonableness of attorneys' fees. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004). And the Court agrees that the hourly rates listed are reasonable for this type of case.

For the number of hours worked, Hanna's affidavit substantiates a total of 7.5 hours[1] spent collectively by all counsel, and 1.3 total paralegal hours. *See* Dkt. 17 at 90-98. Those reported hours are reasonable for this litigation.

But this Court also must "exclude from the lodestar calculation all time that is 'excessive, duplicative, or inadequately documented.'" *Pathan v. Basit Enters., Inc.*, 2011 WL 13244519, at *5 (S.D. Tex. Jan. 18, 2011) (quoting *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993)). Employers Insurance's attorneys' fee figure of $3,275.000 is based on the total amount of its invoices, which include an asset investigation fee ($125), Dkt. 17 at 94, a filing fee ($405), *id.*, and multiple fees for service of process ($608), *id.* at 94, 96. Those are not attorneys' fees, and they improperly duplicate Employers Insurance's request for costs. The Court therefore excludes those non-attorneys'-fees items from the lodestar calculation.

The lodestar is therefore $2,019 (Bigbie: $225 for 2.3 hours; Tan: $275 for 2.2 hours; Hanna: $275 for .4 hours; Bloom: $250 for 2.6 hours; Lupin: $105 for 1.3 hours). No further adjustments are merited.

2. <u>Only the cost of the filing fee is recoverable.</u>

Employers Insurance also seeks costs under Fed. R. Civ. P. 54(d)(1). Dkt. 17 at 6. Generally, costs "should be allowed to the prevailing party." Fed.

---

[1] Bigbie also spent .2 hours conferring with an adjuster that is not included in the requested figure. Dkt. 17 at 91-92.

R. Civ. P. 54(d)(1); *Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1017 (5th Cir. 1992) ("strong presumption" in favor of awarding costs). The Supreme Court held that "[28 U.S.C.] § 1920 defines the term 'costs' as used in Rule 54(d)." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 566 (2012) (quotation omitted). And "[t]he Supreme Court has indicated that federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary." *Mota v. Univ. of Tex. Hou. Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001).

Employers Insurance requests $1,211 in costs. Dkt. 17 at 6. That sum reflects the expenses charged for the asset investigation ($125), the filing fee ($405), and service of process fees ($680). *See* Dkt. 17 at 90-98. Filing fees are recoverable costs under the statute. *See* 28 U.S.C. § 1920. But neither investigation fees nor private process server fees are recoverable under Section 1920. *See Zastrow v. Hou. Auto M. Imports Greenway, Ltd.*, 695 F. App'x 774, 780 (5th Cir. 2017) (per curiam) ("[C]osts for private process servers are not recoverable, absent exceptional circumstances."); *see, e.g.*, *Roor Int'l BV v. AKS1 Enter., Inc.*, 2019 WL 3500911, at *4 (S.D. Tex. Aug. 1, 2019) (rejecting request for investigation or private processor fees); *GS Holistics v. Nay Smart Invs., Inc.*, 2024 WL 947458, at *5 (N.D. Tex. Mar. 5, 2024) (same). Employers Insurance's recoverable costs are limited to the $405 filing fee.

## Recommendation

It is therefore **RECOMMENDED** that Plaintiff Employers Insurance Company of Wausau's motion for default judgment (Dkt. 17) be **GRANTED**.

It is further **RECOMMENDED** that Employers Insurance be awarded $157,060 in damages; pre-judgment interest beginning February 26, 2025 and post-judgment interest at the rates published by the Board of Governors of the Federal Reserve System; $2,019 in attorneys' fees; and $405 in costs.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error. *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on July 27, 2026, at Houston, Texas.

Yvonne Y. Ho
United States Magistrate Judge